# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| VENTURE MEDICAL, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Civil Action No. 4:26-cv-347 |
| LAMMONS HEALTHCARE & | § | Judge Mazzant |
| ASSOCIATES, PLLC D/B/A | § | |
| WOUNDX, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Notice of Answer Deadline under Rule 12(a)(4), and Motion to Conduct Proceedings in Plano (Dkt. #6). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a breach of contract case. Plaintiff allegedly sold Defendant medical goods and supplies, which Defendant allegedly failed to pay for. Plaintiff filed suit, asserting claims of breach of contract, promissory estoppel, quantum meruit, and unjust enrichment (Dkt. #1).

On May 14, 2026, Defendant moved to partially dismiss the complaint and made a myriad of other requests (Dkt. #6). Defendant argues that Plaintiff's equitable claims must be dismissed because Plaintiff alleges an express contractual relationship. In the alternative, Defendant claims that the equitable claims must be dismissed because Plaintiff does not allege them in the alternative. In the further alternative, Defendant seeks a more definite statement. And Defendant asks that

further proceedings, including trial, be held in Plano (Defendant concedes that venue is proper and does not seek transfer for convenience). Plaintiff opposes all relief sought (Dkt. #7).

The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I.     Rule 12(b)(6)

This Court has previously ruled that equitable theories can be pled in the alternative to express contract theories, *see, e.g.*, *Mosser v. Aetna Life Ins. Co.*, No. 4:15-CV-430, 2016 WL 125591, at *3 (E.D. Tex. Jan. 12, 2016), and Defendant has identified no binding case requiring dismissal at this stage. Nor is the Court persuaded that it should deviate from its prior ruling that no magic words are needed to plead alternative claims. *Unnikrishnan v. IoT.nxt USA, Inc.*, No. 4:22-CV-870, 2026 WL 280653, at *3 n.1 (E.D. Tex. Feb. 3, 2026). This ground for dismissal fails.

### II.    Rule 12(e)

Although the complaint does not provide many specifics about the alleged contract, the Court is not convinced that the complaint is "so vague or ambiguous that . . . [Defendant] cannot reasonably prepare a response." FED. R. CIV. P. 12(e). This request will be denied.

### III.    Request to Conduct Proceedings in Plano

Defendant does not request an inter-district venue transfer, or an intra-district transfer from one division to another in this same district. In essence, Defendant seeks an intra-division reassignment to a different judge. Defendant's request is "unusual," *In re Triplett*, 645 B.R. 196, 199 (Bankr. E.D. Tex. 2022), and it has no clear basis in statute. *Id.* at 202 ("Treating requests for *intra-division reassignment* and *intra-district transfer* as synonymous creates the unacceptable possibility of attempted judge shopping by litigants. Allowing this to occur is clearly outside what any of the cited venue or transfer statutes are written to permit."). The request is not well-taken.

### CONCLUSION[1]

It is therefore **ORDERED** that Defendant's Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Notice of Answer Deadline under Rule 12(a)(4), and Motion to Conduct Proceedings in Plano (Dkt. #6) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 29th day of July, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1]  Defendant spends some time briefing the argument that the partial motion to dismiss prolongs its answer deadline. Plaintiff does not contest this, so the Court does not see why the issue needed to be raised by motion.

4